SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
JILL PIETRINI, Cal. Bar No. 138335
PAUL BOST, Cal. Bar No. 261531
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067
Telephone: 310.228.3700
Facsimile: 310.228.3701
Email JPietrini@sheppardmullin.com
PBost@sheppardmullin.com

JACK BURNS, Cal. Bar No. 290523
501 West Broadway, 18th Floor
San Diego, CA 92101
Telephone: 619.338.6588
Facsimile: 619.515.4182
Email: JBurns@sheppardmullin.com

Attorneys for Defendants Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Stephan Dean and Liza Dean, Individually and DBA SureFile Filing Systems,

Plaintiffs,

v.

Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, and Does 1-50 Inclusive,

Defendants.

Case No. 25-10142

Removed from Riverside Superior Court, Case No. CVPS2507250

**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1331 AND 1338 (FEDERAL QUESTION JURISDICTION)**

[Complaint Filed: October 3, 2025]

**TO THE COURT, PLAINTIFFS, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, under 28 U.S.C. §§ 1331, 1338, and 1446, defendants Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals (collectively, "Kaiser") remove the state court action described below from the Superior Court of the State of California for the County of Riverside to the United States District Court for the Central District of California. Removal is proper because Plaintiffs' lawsuit turns on substantial questions of federal trademark and cybersquatting law.

## OVERVIEW

1. On October 3, 2025, plaintiffs Stephan Dean and Liza Dean, individually and doing business as SureFile Filing Systems ("Plaintiffs") filed a Complaint against Kaiser in the Superior Court of the State of California for the County of Riverside, entitled *Stephan Dean, et al. v. Kaiser Found. Health Plan, et al.*, Case No. CVPS2507250. **Exhibit A** is a true and correct copy of the Complaint. Plaintiffs served Kaiser with the Complaint on October 9, 2025. **Exhibit B** and **Exhibit C** are true and correct copies of the Proofs of Service of Summons.

2. This lawsuit is the latest episode in Plaintiffs' long-standing misuse of Kaiser's trademarks and improper attempts to extract nuisance payments from Kaiser. **Two years ago, the Central District of California rejected the exact same trademark theories Plaintiffs advance in this lawsuit, explaining that they have "no arguable basis in fact or law."** *Dean v. Kaiser Found. Health Plan*, No. 5:22-cv-278-MCS-KK, 2023 WL 4829301, at *1 (C.D. Cal. June 29, 2023) (emphasis added). The Ninth Circuit then rejected Plaintiffs' appeal—which relied on the same theories—as "frivolous." Case No. 5:22-cv-278-MCS-KK, Dkt. No. 125 (Apr. 1, 2024).

3. Plaintiffs are nonetheless back. This lawsuit again asserts the exact same causes of action and theories that the courts have repeatedly rejected.

4. Removal is proper under settled Ninth Circuit law. Critical to jurisdiction in this matter, when a declaratory relief action "seeks in essence to assert a defense" to an impending or threatened action, courts also apply the well-pleaded complaint rule to the impending or threatened action. *Atay v. Cty. of Maui*, 842 F.3d 688, 697–98 (9th Cir. 2016). In other words, "the character of the threatened action" is used to determine whether there is federal-question jurisdiction. *Id.* at 698; *accord Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 571 U.S. 191, 197 (2014). In applying this analysis, courts "reposition the parties in a declaratory relief action by asking whether [the court] would have jurisdiction had the declaratory relief defendant been a plaintiff seeking a federal remedy." *Standard Ins. Co. v. Saklad*, 127 F.3d 1179, 1181 (9th Cir. 1997); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 11 (1983) ("Federal courts have regularly taken original jurisdiction over declaratory judgment suits in which, if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question"); *Yokeno v. Mafnas*, 973 F.2d 803, 807 n. 2 (9th Cir. 1992) ("In determining whether a declaratory judgment action presents a federal question, [courts] look either to the defendant's threatened action or to the plaintiff's claim, construed as a complaint for coercive relief"); *see also Atay v. Cnty. of Maui*, No. 14-cv-00582, 2015 WL 998792, at *5 (D. Haw. Mar. 5, 2015) (denying motion to remand on this ground).

5. The Ninth Circuit's decision in *Atay* is illustrative. There, like here, the plaintiffs filed a declaratory relief action in state court to resolve questions surrounding an action's legality under federal law. 842 F.3d at 695–96. The defendants removed to federal court, which denied the plaintiffs' motion to remand. *Id.* at 695. The plaintiffs then challenged the district court's denial of the motion to remand in the Ninth Circuit, which affirmed and confirmed that the case was properly removed. *Id.* at 697–98 ("In these circumstances, it is the character of the [threatened federal action] action, in which questions of federal preemption are front

and center, that determines whether there is federal question jurisdiction. Therefore, the district court did not err in denying [the plaintiffs'] motion to remand.").

6. Here, just as in *Atay*, the declaratory relief sought by Plaintiffs is essentially a defense to a trademark action by Kaiser. This is abundantly clear from the face of the complaint, which states that Plaintiffs seek a declaration that they can use Kaiser's trademarks without violating the federal Lanham Act. Thus, *Atay* is controlling and confirms that removal is appropriate. 842 F.3d at 697–98.

**BACKGROUND OF DISPUTE**

7. Over a decade ago, Plaintiffs had contracts with Kaiser to scan and store the private medical records of Kaiser's patients. *Dean v. Kaiser Found. Health Plan, Inc.*, 562 F. Supp. 3d 928, 932 (C.D. Cal. 2022). Nothing gave Plaintiffs the right to use Kaiser's trademarks. *Dean v. Kaiser Found. Health Plan, Inc.*, No. 5:22-CV-00278-MCS-KK, 2022 WL 18938253, at *5 (C.D. Cal. Nov. 22, 2022) ("[T]he Court concludes KFHP has shown the Deans did not have permission to use the KFHP marks.").

8. Nonetheless, in 2020, Plaintiffs registered the domain name <kphealthconnectusa.com> and on that domain name operated a website that featured Kaiser trademarks and offered for sale the patient information Plaintiffs improperly kept after their contracts with Kaiser ended. *Dean*, 562 F. Supp. 3d at 932. In response, Kaiser submitted a complaint against Plaintiffs to the Internet Corporation for Assigned Names and Numbers ("ICANN") under the Uniform Domain-Name Dispute-Resolution Policy ("UDRP"). *Id.*

9. The UDRP arbitration panel issued a decision in December 2021 finding in Kaiser's favor. *Id.* **Exhibit D** is a true and correct copy of the arbitration panel's decision. As the panel explained, Plaintiffs "registered <kphealthconnectusa.com>," the website on the domain name "displays the Kaiser Mark and logo on the landing page," and its use by Plaintiffs "is intended to sow confusion." *Id*. at 3. The panel also concluded that Plaintiffs registered the domain

name "primarily for the purpose of extorting a benefit from the trademark owner [Kaiser]." *Id*. at 7. The arbitration panel ordered that Plaintiffs' infringing domain name be transferred to Kaiser. *Id.* at 8.

**PLAINTIFFS' 2021 LAWSUIT BEFORE JUDGE SCARSI**

10. Identical to their claims here, Plaintiffs sued Kaiser in 2021 claiming that they have a right to use Kaiser's trademarks and that Kaiser's pursuit of the UDRP action violated their purported trademark rights. *Compare Dean*, 562 F. Supp. 3d at 933 *with* Complaint (Exh. A), ¶¶ 10, 16, 17. Plaintiffs' 2021 lawsuit asserted causes of action for: (i) breach of contract; (ii) declaratory relief; (iii) preliminary injunction; and (iv) interference with prospective business advantage. Case No. 5:22-cv-278-MCS-KK, Dkt. No. 1-1 (Feb. 14, 2022). Plaintiffs' counsel explained that Plaintiffs brought the 2021 lawsuit with the expectation that Kaiser would pay Plaintiffs money rather than litigate Plaintiffs' claims. Case No. 5:22-cv-278-MCS-KK, Dkt. No. 49, ¶ 9 (May 11, 2022). Indeed, he acknowledged that absent settlement, there was "little chance" Plaintiffs would recover under their claims. *Id.*

11. Plaintiffs withdrew their breach of contract and interference claims to avoid Kaiser's motion to strike under California anti-SLAPP law. This tactic did not work. "[I]f a plaintiff could avoid attorney fees by simply dismissing shortly before the court heard the motion, the plaintiff would have accomplished all the wrongdoing that triggers the defendant's eligibility for attorney's fees, but the defendant would be cheated of redress." *Dean*, 562 F. Supp. 3d at 932 (quotes omitted).

12. The Court granted Kaiser's anti-SLAPP motion, finding, *inter alia*, no reasonable probability that Plaintiffs could prevail on their breach of contract and interference claims. *Id.* at 935. The Court then awarded Kaiser $50,804.89 in attorney's fees. Case No. 5:22-cv-278-MCS-KK, Dkt. No. 34 (Apr. 12, 2022).

13. The Court also confirmed that Plaintiffs' causes of action turned on

substantial questions of federal trademark and cybersquatting law, and were therefore properly removed to federal court. *Dean*, 562 F. Supp. 3d at 932.

14. In response to Plaintiffs' 2021 lawsuit, Kaiser brought counterclaims against Plaintiffs based on their use of Kaiser's trademarks and patient information. These counterclaims supplied an independent basis for federal jurisdiction. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) ("In this circuit, we recognize that a District Court generally may adjudicate a counterclaim having an independent basis for federal jurisdiction despite the dismissal of plaintiff's action for lack of subject matter jurisdiction.") (internal quotation marks omitted).

15. In May 2023, the Court granted summary judgment for Kaiser on its causes of action against Plaintiffs and enjoined Plaintiffs from using the trademarks or patient information. Case No. 5:22-cv-278-MCS-KK, Dkt. No. 106 (May 31, 2023).

16. Plaintiffs appealed the Court's order granting Kaiser's anti-SLAPP motion, and on April 1, 2024, the Ninth Circuit dismissed the appeal as frivolous. Case No. 5:22-cv-278-MCS-KK, Dkt. No. 125.

## PLAINTIFFS' ALLEGATIONS HERE

17. In this lawsuit, Plaintiffs again sue Kaiser under the theory that they have purportedly gained the right to use Kaiser's trademarks, and that Kaiser's pursuit of the UDRP action contravened that purported right. Compl. ¶ 39. Plaintiffs advance the ***exact same*** contractual argument as their basis for claiming a right to use Kaiser's trademarks. *Id*. ¶ 19. Plaintiffs challenge the ***exact same*** UDRP action that was the subject of the 2021 lawsuit. *Id*. ¶ 13. And the theories Plaintiffs advance in this lawsuit are the ***exact same*** legal theories that the Court has already rejected in the 2021 lawsuit. *Id*. ¶¶ 39, 40.

18. Just as before, this lawsuit is properly removed to federal court because Plaintiffs' lawsuit again turns on substantial questions of federal trademark and cybersquatting law. As the Ninth Circuit confirmed in *Atay*, removal is therefore

appropriate based on Plaintiffs' declaratory relief cause of action, which is in effect a defense to Kaiser's federal trademark causes of action. 842 F.3d at 697–98.

**GROUNDS FOR REMOVAL – FEDERAL QUESTION**

19. Because Plaintiffs' causes of action arise under federal law, this timely removal is proper.

**Jurisdiction – Federal Question**

20. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 as an action "arising under the Constitution, laws, or treaties of the United States," and under 28 U.S.C. § 1338 as an action "arising under any Act of Congress relating to . . . trademarks." *See also* 15 U.S.C. § 1121 (providing federal jurisdiction over all actions arising under the Lanham Act). Specifically, this is a trademark and cybersquatting dispute between plaintiffs and Kaiser that arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.* and the Anticybersquatting Consumer Protection Act ("ACPA"), codified in part as 15 U.S.C. § 1125(d). Section 1114(2)(D)(v) provides: "A domain name registrant whose domain name has been suspended, disabled, or transferred under a policy described under clause (ii)(II) may, upon notice to the mark owner, file a civil action to establish that the registration or use of the domain name by such registrant is not unlawful under this chapter."

21. Kaiser owns several federal trademark registrations with the United States Patent and Trademark Office for the trademarks KAISER PERMANENTE, KP, and variations thereof, including, but not limited to, KP HEALTHCONNECT, U.S. Reg. No. 3,506,362.

22. Plaintiffs allege in their Complaint that they have a "right to use the KAISER name or logo." Compl. (Exh. A), ¶¶ 39, 40. Plaintiffs also challenge the arbitration panel's decision that Plaintiffs' use of Kaiser's trademarks was improper. *Id.* ¶¶ 13, 39.

23. Plaintiffs' cause of action depends on substantial questions of federal

law. Plaintiffs contend that Kaiser breached a settlement agreement by enforcing their trademark rights pursuant to the UDRP and before the arbitration panel. *Id.* ¶ 39. Plaintiffs seek declaratory relief stating that Kaiser cannot assert claims against Plaintiffs under the federal Lanham Act. *Id.* ¶ 40. The Court concluded that Plaintiffs' virtually identical 2021 lawsuit was properly removed to federal court because, just like here, their causes of action turned on substantial questions of federal trademark and cybersquatting law. *Dean*, 562 F. Supp. 3d at 932; *see also Atay*, 842 F.3d at 697–98 (removal proper where plaintiffs brought lawsuit for a declaration that defendants' federal claims lacked merit).

24. Because this Court has original jurisdiction over the causes of action alleged under federal law by Plaintiffs, this case is properly removable to this Court.

**Compliance with 28 U.S.C. § 1441(a)**

25. A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

26. Consistent with 28 U.S.C. § 1441(a), this District embraces the place where the state court action is pending.

**Timeliness of Removal**

27. The procedure for removal is outlined in 28 U.S.C. § 1446(b). This procedure requires removal "within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based."

28. Because Kaiser is filing the Notice of Removal within 30 days of October 9, 2025—the service date—removal of this action is timely pursuant to 28 U.S.C. § 1446(b). **Exhibit B**; *Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347 (1999) (the 30-day removal period cannot be triggered for a complaint removable on its face until the defendant has been served with legal process).

**Venue**

29. The United States District Court for the Central District of California embraces Riverside County, the county in which this Action is brought. Therefore, the United States District Court for the Central District of California is a proper venue for this Action under 28 U.S.C. §§ 84(c) and 1441(a); *see also* 28 U.S.C. § 1446(a).

**Attachment of State Court Proceedings**

30. Copies of all other documents filed in the state court action are attached as **Exhibit E**. *See* 28 U.S.C. § 1446(a).

**Consent to Removal**

31. Pursuant to 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."

32. The two Kaiser defendants that are filing this Notice of Removal are the only defendants named in the Complaint. Thus, consistent with 28 U.S.C. § 1446(b)(2)(A), "all defendants" join in the removal of this action.

**Notice of Removal Given to The State Court**

33. Pursuant to 28 U.S.C. § 1446(d), Kaiser will promptly provide written Notice of Removal of this action to Plaintiffs and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of California for the County of Riverside.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

* * *

Kaiser prays that the state court action pending against it in the Superior Court for the State of California for the County of Riverside be removed to this United States District Court for the Central District of California.

Dated: October 22, 2025

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By *_/s/ John F. Burns_*
JOHN F. BURNS
JILL PIETRINI
PAUL BOST
Attorneys for Defendants