SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JILL PIETRINI, Cal. Bar No. 138335
PAUL BOST, Cal. Bar No. 261531
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067
Telephone:  310.228.3700
Facsimile:   310.228.3701
Email        JPietrini@sheppardmullin.com
             PBost@sheppardmullin.com

JACK BURNS, Cal. Bar No. 290523
501 West Broadway, 18th Floor
San Diego, CA 92101
Telephone:  619.338.6588
Facsimile:   619.515.4182
Email:       JBurns@sheppardmullin.com

Attorneys for Defendants Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Stephan Dean and Liza Dean, Individually and DBA SureFile Filing Systems,<br><br>            Plaintiffs,<br><br>   v.<br><br>Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, and Does 1-50 Inclusive,<br><br>            Defendants. | Case No.  25-10142<br><br>Removed from Riverside Superior Court, Case No. CVPS2507250<br><br>**DEFENDANTS' NOTICE OF RELATED CASE**<br><br>[Complaint Filed: October 3, 2025] |

-1-

**TO THE COURT, PLAINTIFFS, AND THEIR ATTORNEYS OF RECORD:**

1. In accordance with Local Rule 83-1.3.1, defendants Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals (collectively, "Kaiser") hereby file this Notice of Related Case.

2. In 2021, plaintiffs Stephan Dean and Liza Dean, individually and doing business as SureFile Filing Systems ("Plaintiffs") filed a complaint against Kaiser.

3. In the 2021 lawsuit, Plaintiffs claimed that: (1) they allegedly gained the contractual right to use Kaiser's trademarks because a 2011 settlement agreement between the parties did not preclude them from doing so; (2) Kaiser allegedly released any claim that Plaintiffs were not permitted to use Kaiser's trademarks; and (3) Kaiser purportedly breached the contract by submitting a complaint challenging Plaintiffs' use of its trademarks to the Internet Corporation for Assigned Names and Numbers ("ICANN") under the Uniform Domain-Name Dispute-Resolution Policy ("UDRP"). Case No. 5:22-cv-278-MCS-KK, Dkt. No. 1-1, ¶¶ 12, 15, 18, 19, 22, 26–28 & Exh. 1 (Feb. 14, 2022).

4. Kaiser removed the 2021 lawsuit to the Central District of California, and it was captioned *Dean v. Kaiser Found. Health Plan*, No. 5:22-cv-278-MCS-KK. The 2021 lawsuit was assigned to the Honorable Mark C. Scarsi.

5. Judge Scarsi issued several decisions in connection with the 2021 lawsuit. Among other rulings, the Court granted Kaiser's motion to dismiss and to strike Plaintiffs' complaint. *Dean v. Kaiser Found. Health Plan, Inc.*, 562 F. Supp. 3d 928 (C.D. Cal. 2022). In granting Kaiser's motion to strike, the Court explained that "Plaintiffs have not established a reasonable probability of prevailing on their breach of contract" cause of action. *Id.* at 935. The Court granted the parties' stipulation awarding Kaiser $50,804.89 in attorney's fees under California's anti-SLAPP law. Case No. 5:22-cv-278-MCS-KK, Dkt. No. 34 (Apr. 12, 2022). Kaiser asserted counterclaims against Plaintiffs in the 2021 lawsuit, and in connection with

those counterclaims, the Court granted Kaiser's motion for preliminary injunction, which, among other things, enjoined Plaintiffs from using Kaiser's trademarks. *Dean v. Kaiser Found. Health Plan, Inc.*, No. 5:22-cv-278-MCS-SHK, 2022 WL 1155113 (C.D. Cal. Apr. 19, 2022). The Court also granted in pertinent part Kaiser's motions for summary judgment, which, again, rejected Plaintiffs' trademark theories. *Dean v. Kaiser Found. Health Plan, Inc.*, No. 5:22-cv-00278-MCS-KK, 2022 WL 18938253 (C.D. Cal. Nov. 22, 2022); *Dean v. Kaiser Found. Health Plan, Inc.*, No. 5:22-cv-278-MCS-KK, 2023 WL 8261408 (C.D. Cal. May 31, 2023). The Court issued a permanent injunction, which, among other things, permanently enjoined Plaintiffs from using Kaiser's trademarks. Case No. 5:22-cv-278-MCS-KK, Dkt. No. 106 (May 31, 2023).

6. Plaintiffs appealed the Court's ruling on the Court's anti-SLAPP order, and on April 1, 2024, the Ninth Circuit dismissed Plaintiffs' appeal as "frivolous." Case No. 5:22-cv-278-MCS-KK, Dkt. No. 125 (Apr. 1, 2024).

7. Through this lawsuit, Plaintiffs assert a breach of contract cause of action that is identical to the one that the Court rejected in the 2021 lawsuit. Just as in 2021, Plaintiffs again claim that: (1) they allegedly gained the contractual right to use Kaiser's trademarks because a 2011 settlement agreement between the parties did not preclude them from doing so [Complaint, ¶¶ 7, 9, 10]; (2) Kaiser allegedly released any claim that Plaintiffs were not permitted to use Kaiser's trademarks [*id.*, ¶¶ 9, 11, 13]; and (3) Kaiser purportedly breached the contract by submitting a complaint challenging Plaintiffs' use of its trademarks to ICANN [*id.*, ¶ 39].

8. This case is related to the 2021 lawsuit because: (1) they both arose out of the same underlying events, namely, the 2011 settlement agreement and Kaiser's complaint to ICANN under the UDRP; (2) they both turn on whether the 2011 settlement agreement granted Plaintiffs the right to use Kaiser's trademarks; and (3) they both assert that Kaiser breached the 2011 settlement agreement by submitting a complaint to ICANN. In other words, this lawsuit is in all relevant respects identical

to Plaintiffs' 2021 lawsuit.

9. Accordingly, Kaiser hereby respectfully submits that the above-captioned case should be deemed related under Local Rule 83-1.3.1 and General Order 23-15, § II.I.

Dated: October 22, 2025

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  */s/ John F. Burns*
JOHN F. BURNS
JILL PIETRINI
PAUL BOST
Attorneys for Defendants