SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
    Including Professional Corporations
JILL PIETRINI, Cal. Bar No. 138335
PAUL BOST, Cal. Bar No. 261531
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067
Telephone:  310.228.3700
Facsimile:   310.228.3701
Email        JPietrini@sheppardmullin.com
                PBost@sheppardmullin.com
JOHN F. BURNS, Cal. Bar No. 290523
501 West Broadway, 18th Floor
San Diego, CA 92101
Telephone:  619.338.6588
Facsimile:   619.515.4182
Email:       JBurns@sheppardmullin.com
*Attorneys for Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Stephan Dean and Liza Dean, Individually and DBA SureFile Filing Systems,<br><br>                    Plaintiffs,<br><br>          v.<br><br>Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, and Does 1-50 Inclusive,<br><br>                    Defendants. | Case No. 2:25-cv-10142<br>Hon. _____<br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS KAISER FOUNDATION HEALTH PLAN, INC.'S AND KAISER FOUNDATION HOSPITALS' MOTION (1) TO DISMISS; (2) TO STRIKE UNDER CALIFORNIA CODE OF CIVIL PROC. § 425.16; AND (3) FOR ATTORNEY'S FEES**<br>*[Filed concurrently with Notice of Motion, Request for Judicial Notice, Declaration of John Burns, Exhibits, and [Proposed] Order]*<br><u>Hearing</u>:<br>Date:        Dec. 1, 2025<br>Time:        9:00 a.m.<br>Courtroom:  TBD |

# **TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ................................................................................1

II.    FACTUAL BACKGROUND ..............................................................2

    A.    The Agreements Between Kaiser and Plaintiffs. .....................2

    B.    Kaiser Prevails Against Plaintiffs Under the UDRP. ..............2

    C.    Plaintiffs' 2021 Action Against Kaiser ...................................3

    D.    Kaiser's Counterclaims in the Plaintiffs' 2021 Action ..........4

    E.    Plaintiffs' Claims In the Current Action. ................................6

III.   LEGAL STANDARDS .......................................................................7

    A.    Motion to Dismiss ...................................................................7

    B.    Anti-SLAPP Motion to Strike ................................................7

IV.    ARGUMENT ......................................................................................8

    A.    Dismissal Is Again Proper Because Plaintiffs' Theory Fails Under Settled Law and Under the Claim and Issue Preclusion Doctrines. .........8

    B.    The Court Should Strike Plaintiffs' Complaint. .....................9

    C.    Kaiser Is Entitled to Attorney's Fees. ...................................10

V.     CONCLUSION .................................................................................11

TABLE OF AUTHORITIES

Page(s)

<u>Cases</u>

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ......................................................................................7

*Dean v. Kaiser Found. Health Plan, Inc.*
    No. 5:22-cv-278-MCS-KK, 2023 WL 3551811 (C.D. Cal. Mar. 14, 2023)........5

*Dean v. Kaiser Found. Health Plan, Inc.*
    562 F. Supp. 3d 928 (C.D. Cal. 2022).....................................................2, 3, 7, 10

*Dean v. Kaiser Found. Health Plan, Inc.*
    No. 23-55580, 2024 WL 2828826 (9th Cir. Apr. 1, 2024) .................................6

*Dean v. Kaiser Found. Health Plan, Inc.*
    No. 5:22-cv-278-MCS-KK, 2022 WL 18938253 (C.D. Cal. Nov. 22, 2022)
    ......................................................................................................4, 5, 7, 8, 9

*Dean v. Kaiser Found. Health Plan, Inc.*
    No. 5:22-cv-278-MCS-KK, 2023 WL 8261408 (C.D. Cal. May 31, 2023).... 5, 6

*Dean v. Kaiser Found. Health Plan*
    No. 5:22-cv-278-MCS-KK, 2023 WL 4829301 (C.D. Cal. June 29, 2023) ........6

*Equilon Enters. v. Cons. Cause, Inc.*
    29 Cal. 4th 53 (2002).......................................................................................8

*Eurotech, Inc. v. Cosmos Eur. Travels Aktiengesellschaft*
    189 F. Supp. 2d 385 (E.D. Va. 2002) .................................................................2

*Garity v. APWU Nat'l Lab. Org.*
    828 F.3d 848 (9th Cir. 2016) ............................................................................9

*Hillery v. Rushen*
    720 F.2d 1132 (9th Cir. 1983)...........................................................................7

*Hydranautics v. FilmTec Corp.*
    204 F.3d 880 (9th Cir. 2000).............................................................................9

*Ketchum v. Moses*
    24 Cal. 4th 1122 (2001)...................................................................................10

-ii-

*Navarro v. Block*
    250 F.3d 729 (9th Cir. 2001) ............................................................... 7

*Oyeniran v. Holder*
    672 F.3d 800 (9th Cir. 2012) ............................................................... 9

*Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*
    890 F.3d 828 (9th Cir. 2018) ............................................................... 8

*Register.com, Inc. v. Verio, Inc.*
    356 F.3d 393 (2d Cir. 2004) ............................................................... 2

*Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*
    322 F.3d 1064 (9th Cir. 2003) ............................................................. 9

*Urick v. Urick*
    15 Cal. App. 5th 1182 (2017) ........................................................ 8, 10

*Vivian v. Labrucherie*
    214 Cal. App. 4th 267 (2013) ........................................................... 10

<u>Statutes</u>

Cal. Code Civ. Proc. § 425.16, 10 ........................................................... 7

<u>Other Authorities</u>

Fed. R. Civ. Proc. 8 ............................................................................. 8

Fed. R. Civ. Proc. 12 ........................................................................... 8

SMRH:4926-2747-9411.2

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants Kaiser Foundation Health Plan and Kaiser Foundation Hospitals (collectively, "Kaiser") move:  (1) to dismiss the complaint filed by plaintiffs Stephan Dean and Liza Dean, individually and doing business as SureFile Filing Systems ("Plaintiffs"); (2) to strike Plaintiffs' complaint under California's anti-SLAPP statute; and (3) for attorney's fees.

## I.  **INTRODUCTION**

This lawsuit is identical in all relevant respects to the one that Plaintiffs brought against Kaiser in 2021 and lost ("2021 action").  In the 2021 action, as here, Plaintiffs sued Kaiser because Kaiser successfully challenged Plaintiffs' use of its trademarks before the National Arbitration Forum ("NAF") under the Uniform Domain-Name Dispute-Resolution Policy ("UDRP") established by the Internet Corporation for Assigned Names and Numbers ("ICANN").  In the 2021 action, the district court:

- Granted Kaiser's motion to dismiss Plaintiffs' complaint;
- Granted Kaiser's special motion to strike Plaintiffs' complaint;
- Awarded Kaiser $50,804.89 in attorney's fees;
- Rejected every one of the theories that Plaintiffs again allege here; and
- Rejected Plaintiffs' challenge to its anti-SLAPP order as "frivolous," "not taken in good faith," and having "no arguable basis in fact or law."

Plaintiffs appealed to the Ninth Circuit, which dismissed the appeal as "frivolous." Plaintiffs then copied and pasted their already-rejected arguments into their complaint here and again sued Kaiser for bringing the UDRP action.

Just as in their 2021 action, the underlying premise of Plaintiffs case is that they allegedly gained the right to use Kaiser's trademarks because a 2011 settlement agreement between the parties did not specifically preclude them from doing so and because the settlement agreement included a release.  Just as before, Plaintiffs' theories fail.  The Court has repeatedly explained in its multiple orders rejecting Plaintiffs' arguments that the 2011 settlement agreement ***did not*** grant Plaintiffs the

right to use Kaiser's trademarks.  The Court has also repeatedly explained that the settlement agreement's release ***did not*** preclude Kaiser from protecting its trademark rights.  As before, the Court should again grant Kaiser's motion to dismiss Plaintiffs' frivolous arguments, strike Plaintiffs' complaint under California anti-SLAPP law, and award Kaiser its attorney's fees and costs incurred in moving to strike.  There is no reason for the Court or for Kaiser to continue to expend resources on Plaintiffs' meritless theories.  Indeed, there is compelling reason for the Court to find that Plaintiffs are abusing the justice system.  This case should be put to a prompt end.

## II.    FACTUAL BACKGROUND

### A.    The Agreements Between Kaiser and Plaintiffs.

Between 2008 and 2010, Kaiser contracted with Plaintiffs to scan and store Kaiser's patients' private medical records.  *Dean v. Kaiser Found. Health Plan, Inc*., 562 F. Supp. 3d 928, 932 (C.D. Cal. 2022); Dkt. 1-1, Compl. ¶¶ 6–8.  Kaiser terminated the contracts in 2010.  *Id.*  Disagreements arose concerning the parties' rights after termination, resulting in a 2011 settlement agreement.  *Id.*

### B.    Kaiser Prevails Against Plaintiffs Under the UDRP.

In 2020, Plaintiffs planned to sell data they retained concerning Kaiser's patients.  *Dean*, 562 F. Supp. 3d at 932; *see also* Case No. 5:22-cv-278-MCS-KK, Dkt. 1-1, ¶ 17 (C.D. Cal. Feb. 14, 2022).  Plaintiffs registered a domain name, <kphealthconnectusa.com>, and informed Kaiser of their plans.  *Id.* ¶ 18.  ICANN is the "quasi-public entity" that manages the internet domain name system.  *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 432 (2d Cir. 2004).  As part of its role in managing the domain name system, ICANN established the UDRP, which sets forth the legal framework for resolving disputes over the abusive or bad faith registration and use of an internet domain name.  *Eurotech, Inc. v. Cosmos Eur. Travels Aktiengesellschaft*, 189 F. Supp. 2d 385, 388 n.3 (E.D. Va. 2002).  The UDRP "mandat[es] the use of . . . arbitration to resolve domain name disputes before resorting to litigation in U.S. courts."  *Id.*  In October 2021, Kaiser submitted a

-2-

1   complaint against Plaintiffs to ICANN under the UDRP, alleging Plaintiffs

2   wrongfully used its trademark in a domain name. *Dean*, 562 F. Supp. 3d at 932; Dkt.

3   1-1, Compl. ¶ 13.

4       Plaintiffs argued to the UDRP panel that Kaiser granted them the right to use its

5   trademarks because the 2011 settlement agreement did not preclude them from doing

6   so. Request for Judicial Notice, Exh. A at 6. The panel rejected this argument. *Id.*

7   ("[T]he deletion of an express denial that a party may use an owner's mark and

8   logo . . . is not magically transformed into an affirmative authorization that it has any

9   right to do so."). Plaintiffs also argued that the settlement agreement's release

10  precluded the UDRP action, which the panel also rejected. *Id.* at 8. The UDRP

11  arbitration panel issued a decision in December 2021, finding that Plaintiffs

12  wrongfully and in bad faith registered a domain name that infringed Kaiser's rights

13  and ordered that it be transferred to Kaiser. *Id.*; Dkt. 1-1, Compl. ¶ 13.

14      **C.**    **Plaintiffs' 2021 Action Against Kaiser**

15      After the UDRP panel issued its decision for Kaiser, Plaintiffs sued Kaiser

16  claiming that: (1) Plaintiffs allegedly gained the contractual right to use Kaiser's

17  trademarks because the 2011 settlement agreement between the parties did not

18  preclude them from doing so; (2) Kaiser allegedly released any claim that Plaintiffs

19  were not permitted to use Kaiser's trademarks through the same settlement

20  agreement; and (3) Kaiser harmed Plaintiffs by submitting its UDRP complaint

21  challenging Plaintiffs' use of its trademarks in the domain name. Case No. 5:22-cv-

22  278-MCS-KK, Dkt. No. 1-1, ¶¶ 12, 15, 18, 19, 22, 26–28 & Exh. 1 (C.D. Cal. Feb.

23  14, 2022). In other words, Plaintiffs relied on the same theories that the UDRP panel

24  rejected. Plaintiffs' complaint included claims for breach of contract, declaratory

25  relief, permanent injunction, and interference with prospective business advantage.

26  *Id.*

27      Kaiser moved to dismiss Plaintiffs' complaint and to strike under California's

28  anti-SLAPP statute, and in March 2022, the Court granted Kaiser's motions. *Dean*,

-3-

562 F. Supp. 3d at 936.  The Court first held that Kaiser's maintenance of the UDRP action constitutes activity in or connected with an "official proceeding authorized by law" and therefore fell under California's anti-SLAPP statute.  *Id.* at 933–34.  At prong two of the anti-SLAPP analysis, the Court held that Plaintiffs' breach of contract and interference causes of action were legally insufficient for two reasons. First, Plaintiffs withdrew the claims to avoid the motion to strike and did not dispute that they lacked merit, which the Court deemed as consent to granting the motion to strike.  *Id.* at 932, 934–35.  Second, the Court held that Plaintiffs' breach of contract claim was insufficiently pleaded because the settlement agreement that Plaintiffs claimed Kaiser breached included no duty forbidding Kaiser from pursuing the UDRP action.  *Id.* at 935.  The Court also granted Kaiser's motion to dismiss.  *Id.* at 935–36.

The Court then granted the parties' stipulation awarding Kaiser $50,804.89 in attorney's fees.  Case No. 5:22-cv-278-MCS-KK, Dkt. No. 34 (Apr. 12, 2022).

### D.    Kaiser's Counterclaims in the Plaintiffs' 2021 Action

After Kaiser prevailed in the UDRP action, Plaintiffs launched a second website under the domain name <patientslist.org> that was essentially identical to Plaintiffs' website on  <kphealthconnectusa.com>, including the unauthorized use of Kaiser's trademarks.  *Dean v. Kaiser Found. Health Plan, Inc*., No. 5:22-cv-278-MCS-KK, 2022 WL 18938253, at *2 (C.D. Cal. Nov. 22, 2022).  Kaiser therefore filed a counterclaim in the 2021 action for, among other things, trademark infringement, trademark dilution, and breach of contract.  *Id.* at *2, 6, 7.

Kaiser moved for summary judgment on its counterclaims, and Plaintiffs again defended based on their already-rejected theories that they gained the right to use Kaiser's trademarks because the 2011 settlement agreement did not preclude them from doing so and based on the settlement agreement's release.  *Id.* at *3.  The Court rejected these arguments as "incorrect both as a conclusion of law and as a matter of logic" and explained that Plaintiffs "urge an interpretation of the settlement agreement to which it is not reasonably susceptible."  *Id.* at *3, *4.  Similar to the UDRP

-4-

1  decision, the Court stated that "where a party has no right to engage in a course of
2  conduct, a written contract's failure to disclaim the party's authority to engage in that
3  conduct is not a concession (by omission or otherwise) that such conduct is
4  authorized." *Id.* at *5. The Court also rejected Plaintiffs' release argument,
5  explaining that "there is no reasonable indication" that trademark issues were
6  released. *Id.* at *4.

7        As they do here, Plaintiffs claimed that extrinsic evidence regarding the
8  removal of a trademark term from a draft settlement agreement supported their
9  arguments, but the Court explained that Plaintiffs were wrong. *Id.* at *5 ("The
10  extrinsic evidence shows that, at most, [Kaiser] merely agreed to a contract that did
11  not expressly prevent [Plaintiffs] from using [Kaiser's] 'trade names, service marks,
12  or logo,' something they had no right to do in the first place."). Having rejected
13  Plaintiffs' defenses, the Court granted partial summary judgment, permanently
14  enjoined Plaintiffs' use of Kaiser's trademarks, and reserved judgment on the issue of
15  damages. *Id.* at *11.

16        Despite the UDRP panel's and the Court's rejection of Plaintiffs' trademark
17  theories, Plaintiffs continued to cling to them. Plaintiffs refused to respond to
18  discovery related to damages based on the argument that "the 2011 settlement
19  agreement . . . released all claims including the trademark claims at issue in the
20  instant litigation." *Dean v. Kaiser Found. Health Plan, Inc*., No. 5:22-cv-278-MCS-
21  KK, 2023 WL 3551811, at *4 (C.D. Cal. Mar. 14, 2023). The Court again dismissed
22  this argument, explaining that the Court had "already rejected" it. *Id.*

23        Kaiser then brought summary judgment on its damages, and Plaintiffs again
24  opposed the motion based on the same arguments, which the Court again dismissed as
25  "long-rejected," emphasizing that their release theory had been "held meritless
26  throughout this litigation." *Dean v. Kaiser Found. Health Plan, Inc*., No. 5:22-cv-
27  278-MCS-KK, 2023 WL 8261408, at *3 (C.D. Cal. May 31, 2023). The Court
28  granted summary judgment in Kaiser's favor on the remaining issue of contractual

-5-

1    damages and issued judgment in Kaiser's favor. *Id.* at *7; Case No. 5:22-cv-278-
2    MCS-KK, Dkt. No. 106 (May 31, 2023).

3        Plaintiffs then moved for leave to appeal in forma pauperis to challenge the
4    Court's anti-SLAPP order, which motion the Court denied because Plaintiffs'
5    arguments were "frivolous" and "not taken in good faith" and had "no arguable basis
6    in fact or law." *Dean v. Kaiser Found. Health Plan*, No. 5:22-cv-278-MCS-KK, 2023
7    WL 4829301, at *1–2 (C.D. Cal. June 29, 2023).  The Ninth Circuit came to the same
8    conclusion, dismissing Plaintiffs' appeal and also describing it as "frivolous." *Dean*
9    *v. Kaiser Found. Health Plan, Inc.*, No. 23-55580, 2024 WL 2828826, at *1 (9th Cir.
10   Apr. 1, 2024).

11        **E.    Plaintiffs' Claims In the Current Action.**

12        In this case, Plaintiffs have recycled their rejected theories and arguments into
13   their current complaint and brought this lawsuit against Kaiser.  Through this lawsuit,
14   Plaintiffs assert causes of action for breach of contract and declaratory relief that are
15   substantively identical to the ones that the Court rejected in the 2021 action.  Just as in
16   the 2021 action, Plaintiffs reassert their claim that they gained the contractual right to
17   use Kaiser's trademarks because the 2011 settlement agreement did not preclude them
18   from doing so.  *Compare* Dkt. 1-1, Compl. ¶¶ 12, 13 *with* Case No. 5:22-cv-278-
19   MCS-KK, Dkt. 1-1, ¶ 12.  Just as in the 2021 action, Plaintiffs reassert their claim that
20   Kaiser released any claim that Plaintiffs were not permitted to use Kaiser's
21   trademarks.  *Compare* Dkt. 1-1, Compl. ¶¶ 9, 10 *with* Case No. 5:22-cv-278-MCS-
22   KK, Dkt. 1-1, ¶¶ 15, 20, 27.  Just as in the 2021 action, Plaintiffs again claim that
23   Kaiser breached the contract by submitting a complaint challenging Plaintiffs' use of
24   its trademarks to ICANN.  *Compare* Dkt. 1-1, Compl. ¶¶ 13, 39 *with* Case No. 5:22-
25   cv-278-MCS-KK, Dkt. 1-1, ¶ 27.  And Plaintiffs seek through this lawsuit the same
26   declaratory relief regarding use of Kaiser's trademarks that they sought in the 2021
27   action.  *Compare* Dkt. 1-1, Compl. ¶ 40 *with* Case No. 5:22-cv-278-MCS-KK, Dkt. 1-
28   1, ¶¶ 31–34.

Similarly, the allegations of extrinsic communications regarding the formation of the 2011 settlement agreement are the same ones that the Court already explained do not support Plaintiffs' claims. *Dean*, 2022 WL 18938253, at *5. Indeed, the attachments to Plaintiffs' complaint are the exact same documents Plaintiffs filed in opposition to summary judgment in the 2021 action. *Compare* Dkt. 1-1, Compl., pdf pages 20–41 *with* Case No. 5:22-cv-278-MCS-KK, Dkt. 101-1, pdf pages 13 – 32 (C.D. Cal. April 11, 2023); *compare* Dkt. 1-1, Compl., pdf pages 42–114 *with* Case No. 5:22-cv-278-MCS-KK, Dkt. 71-3, pdf pages 7–12, 31–44, 66–110 (C.D. Cal. July 11, 2022).

## III.  <u>LEGAL STANDARDS</u>

### A.  <u>Motion to Dismiss</u>

A motion to dismiss "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations or allegations that merely state legal conclusions "are not entitled to the assumption of truth," and a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement." *Id*. This case was removed from California Superior Court, meaning the substantive law of California governs the complaint's state law claims. *Hillery v. Rushen*, 720 F.2d 1132, 1138 n.5 (9th Cir. 1983).

### B.  <u>Anti-SLAPP Motion to Strike</u>

California Code of Civil Procedure section 425.16 permits a special motion to strike a strategic lawsuit against public participation ("SLAPP"). Anti-SLAPP motions allow the Court to dismiss at the early stage meritless litigation that challenges various kinds of protected speech. *Dean*, 562 F. Supp. 3d at 933. Federal courts give full effect to the anti-SLAPP statute. *Id*.

Courts engage in a two-pronged analysis to determine whether the anti-SLAPP statute applies. First, "the court decides whether the defendant has made a threshold

SMRH:4926-2747-9411.2

1   showing that the challenged cause of action is one arising from protected activity."

2   *Equilon Enters. v. Cons. Cause, Inc.*, 29 Cal. 4th 53, 67 (2002).  Second, once prong

3   one is satisfied, the burden shifts to the plaintiff to make a "prima facie showing

4   sufficient to sustain a favorable judgment."  *Urick v. Urick*,  15 Cal. App. 5th 1182,

5   1191 (2017)*.*  When, as here, "an anti-SLAPP motion to strike challenges only the

6   legal sufficiency of a claim, a district court should apply the Federal Rule of Civil

7   Procedure 12(b)(6) standard and consider whether a claim is properly stated."

8   *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th

9   Cir. 2018).  Thus, an "anti-SLAPP motion should be granted when a plaintiff presents

10  an insufficient legal basis for his or her claims" or cannot meet the pleading

11  requirements of Fed. R. Civ. Proc. 8 and 12.  *Id.* at 833.

12  **IV.    ARGUMENT**

13          **A.      Dismissal Is Again Proper Because Plaintiffs' Theory Fails Under**

14                  **Settled Law and Under the Claim and Issue Preclusion Doctrines.**

15          Plaintiffs' two causes of action for breach of contract and declaratory relief rely

16  on the incorrect and legally implausible idea that Plaintiffs gained the right to use

17  Kaiser's trademarks through the 2011 settlement agreement.  The settlement

18  agreement is attached to the complaint as Exhibit 2, and it contains no provision that

19  purports to give Plaintiffs rights to use Kaiser's trademarks.  Dkt. 1-1, Compl., Exh. 2

20  (ECF pages 48–53).  In fact, it does not even use the word "trademark."

21          Plaintiffs again try to avoid this fact with the same arguments they relied on in

22  their 2021 action:  (1) their claim that they gained the right to use Kaiser's trademarks

23  because the settlement agreement does not preclude them from doing so; and (2) their

24  claim that the release in the 2021 action constituted a release of claims based on their

25  use of Kaiser's trademarks.  Dkt. 1-1, Compl., ¶¶ 8–19.  As they did in the 2021

26  action, Plaintiffs contend that communications extrinsic to the settlement agreement

27  support these arguments.  However, as the Court has already explained, Plaintiffs are

28  wrong.  *Dean*, 2022 WL 18938253, at *4, *5.  The settlement agreement and release

1  cannot be interpreted as Plaintiffs urge and the extrinsic evidence—even if it could be

2  considered—does not support Plaintiffs. *Id.* The Court already considered and

3  rejected the same extrinsic evidence that Plaintiffs rely on here, explaining that "[t]he

4  extrinsic evidence shows that, at most, [Kaiser] merely agreed to a contract that did

5  not expressly prevent the [Plaintiffs] from using [Kaiser's] 'trade names, service

6  marks, or logo,' something they had no right to do in the first place." *Id.* at *5.

7          In addition to Plaintiffs' claims failing as a matter of law, Plaintiffs are also

8  barred under the claim and issue preclusion doctrines because these same claims and

9  issues were actually and necessarily litigated to final judgment in the 2021 litigation.

10  *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 855 (9th Cir. 2016); *Tahoe-Sierra*

11  *Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003)

12  (setting forth elements of claim preclusion); *Hydranautics v. FilmTec Corp.*, 204 F.3d

13  880, 885 (9th Cir. 2000); *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012)

14  (setting forth elements of issue preclusion).

15          The Court already rejected Plaintiffs' attempts to expand the scope of the 2011

16  settlement agreement. *Dean*, No. 5:22-cv-278, 2022 WL 18938253, at *1, 3–5, 7–8.

17  The Court in the 2021 action already held that the release did not encompass

18  trademarks—the issue at the heart of both the 2021 action and this one. *Id.* at *4. The

19  Court in the 2021 action already held that the 2012 action was over Plaintiffs'

20  retention of medical records, not trademarks. *Id.* at *1. And it already held that the

21  2012 action did not have preclusive effect regarding Plaintiffs' claimed right to use

22  Kaiser's trademarks. *Id.* at *7–8. These holdings were necessary to the Court's

23  decision granting judgment in Kaiser's favor on its trademark claims. *Id.* at *1, 3–5,

24  7–8. Thus, the 2021 action satisfies all of the elements for claim and issue preclusion.

25  *Tahoe-Sierra*, 322 F.3d at 1078; *Oyeniran*, 672 F.3d at 806.

26          **B.      The Court Should Strike Plaintiffs' Complaint.**

27          Plaintiffs' complaint asserts a breach of contract cause of action. *See* Dkt. 1-1,

28  Compl., ¶ 39. Breach of contract causes of action are subject to anti-SLAPP motions.

1  *Vivian v. Labrucherie*, 214 Cal. App. 4th 267, 274 (2013).  Just as in the 2021 action,

2  the main thrust of Plaintiffs' breach of contract claim is that Kaiser should be liable

3  for instituting an UDRP action challenging Plaintiffs' use of Kaiser's trademarks.

4  Plaintiffs specifically allege that Kaiser breached the settlement agreement by

5  "bringing and pursuing the ICANN Dispute" and in "taking the domain name" under

6  the UDRP.  Dkt. 1-1, Compl. ¶¶ 13, 39.

7       The Court confirmed in the 2021 action that the same conduct Plaintiffs

8  challenge here is a protected activity under the anti-SLAPP statute.  *Dean*, 562 F.

9  Supp. 3d at 934.  The Court also confirmed that Plaintiffs cannot meet their burden to

10  satisfy prong two because the breach of contract claim is not sufficiently pleaded.

11  Indeed, the Court has already conclusively rejected Plaintiffs' theory that they gained

12  the right to use Kaiser's trademarks through the 2011 settlement agreement multiple

13  times over.  *Compare* Dkt. 1-1, Compl. ¶¶ 9–20 *with supra* at 3–7.  Plaintiffs

14  therefore cannot satisfy their burden of making a "prima facie showing sufficient to

15  sustain a favorable judgment" on their cause of action.  *Urick*,  15 Cal. App. 5th at

16  1191.

17       In fact, Plaintiffs are barred under the issue preclusion doctrine from contesting

18  that the UDRP action is subject to the anti-SLAPP statute or claiming that they can

19  satisfy their burden at prong two of the anti-SLAPP analysis, since these issues were

20  conclusively decided in the 2021 action.  *Supra* at 3–7.  And Plaintiffs' claims also

21  fail substantively because their underlying theory that they gained the right to use

22  Kaiser's trademarks through the settlement agreement fails as a matter of law.  *Dean*,

23  562 F. Supp. 3d at 935; Dkt. 1-1, Compl., Exh. 2 (pdf pages 48–53).

24       **C.    Kaiser Is Entitled to Attorney's Fees.**

25       A defendant that prevails on an anti-SLAPP motion is entitled to recover its

26  attorney's fees and costs.  Cal. Code Civ. Proc. § 425.16(c)(1); *Ketchum v. Moses*, 24

27  Cal. 4th 1122, 1133 (2001).  In the 2021 action, the Court awarded Kaiser $50,804.89

28  in attorney's fees based on its successful anti-SLAPP motion.  Case No. 5:22-cv-278-

-10-

MCS-KK, Dkt. No. 34.  Since Kaiser now has the benefit of multiple rulings from the Court repeatedly rejecting Plaintiffs' frivolous theories, Kaiser anticipates that it will need to dedicate less time to the anti-SLAPP motion here.  But Plaintiffs' meritless nuisance suit is not harmless.  Kaiser has expended at least $4,556 in bringing the anti-SLAPP portions of this motion, and anticipates that it will expend additional fees on seeking anti-SLAPP relief in its reply brief and at a hearing, if necessary.  Declaration of John F. Burns, ¶ 4.  Kaiser will submit a supplemental declaration on its attorney's fees when it files its reply brief.  The Court should order Plaintiffs to pay Kaiser these fees.

## V.  **CONCLUSION**

For the foregoing reasons, the court should dismiss and strike Plaintiffs' complaint and award Kaiser its attorney's fees and costs.

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

Dated:  October 30, 2025          By  */s/ John Burns*

Jill Pietrini
Paul Bost
John Burns
Attorneys for Defendants
Kaiser Foundation Health Plan, Inc. and
Kaiser Foundation Hospitals

SMRH:4926-2747-9411.2

## <u>CERTIFICATE OF COMPLIANCE</u>

I, John Burns, counsel of record for Defendants Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals, certify that this brief contains 3,511 words, which complies with the word limit of Local Rule 11-6.1.

Dated:  October 30, 2025

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By    _____
                    *s/ John Burns*
                    JOHN BURNS
                    JILL PIETRINI
                    PAUL BOST
              Attorneys for Defendants
        Kaiser Foundation Health Plan, Inc. and Kaiser
                    Foundation Hospitals

-12-

SMRH:4926-2747-9411.2