# EXHIBIT K

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

Case No.  5:22-cv-00278-MCS-KK     Date  March 28, 2023

Title  *Dean v. Kaiser Found. Health Plan, Inc.*

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:  (IN CHAMBERS) ORDER RE: MOTION TO DISMISS (ECF NO. 95)**

Counterclaim Defendants Stephen Dean and Liza Dean move to dismiss the Counterclaim of Counterclaimants Kaiser Foundation Health Plan, Inc. (Mot., ECF No. 95.) The Court deems the motion appropriate for decision without oral argument and vacates the April 24 hearing. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

The Court denies the motion for failure to comply with court rules governing motion practice. *E.g.*, C.D. Cal. Rs. 7-20, 11-3.1; *see Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing.").

The Court also denies the motion for failure to identify an appropriate legal standard. Fed. R. Civ. P. 7(b)(1)(B). Although the Deans frame their motion as a motion to dismiss, they do not make clear under which rule they bring their motion. The motion fails under any of the myriad standards that might apply here. A Rule 12(b) motion would be untimely, as the Deans answered the Counterclaim. (*See* Answer to Countercl., ECF No. 26.) Rule 12(c) would not be an appropriate vehicle for their challenge, as they present matters outside the four corners of Kaiser's pleading. (*See* Mot. Exs. A–B, ECF No. 95); *cf.* Fed. R. Civ. P. 12(d) (requiring

conversion of a Rule 12(c) motion to a Rule 56 motion if "matters outside the pleadings are presented to and not excluded by the court"). The Deans have not complied with the rules governing Rule 56 motions, *e.g.*, C.D. Cal. Rs. 56-1 to -2; (Order Re: Court Trial § I, ECF No. 59), so the Court will not treat the motion as a motion for summary judgment. Finally, to the extent the Deans seek reconsideration of the Court's ruling on Kaiser's motion for summary judgment, (*see, e.g.*, Mot. 4 ("Dean has not breached the Agreement."); *cf.* Order Re: MSJ 18–19, ECF No. 81 (finding for Kaiser on the breach element of its contract claim)), or order awarding attorney's fees, (*see* Mot. 9 (requesting that "the fees awarded Kaiser in the S.L.A.P.P. Proceedings [be] set aside"); *cf.* Order on Stip. Regarding Attorney's Fee Award, ECF No. 34)), the motion must be denied as untimely, *see* C.D. Cal. R. 7-18 (prescribing 14-day deadline to move to reconsider an order).

**IT IS SO ORDERED.**