# EXHIBIT O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| STEPHAN DEAN et al., | Case No. 5:22-cv-00278-MCS-KK |
|---|---|
| Plaintiffs, | **ORDER RE: SECOND MOTION AND AFFIDAVIT FOR LEAVE TO APPEAL IN FORMA PAUPERIS (ECF NO. 115)** |
| v. | |
| KAISER FOUNDATION HEALTH PLAN et al., | |
| Defendants. | |

Plaintiff and Counterclaim Defendant Stephan Dean moved for leave to appeal in forma pauperis. (1st Mot., ECF No. 113.) The Court denied the motion and certified "that the proposed appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3)" and that "the appeal also does not present a substantial question within the meaning of 28 U.S.C. § 753(f)." (Order Re: 1st Mot. 3, ECF No. 114.)

Four days later, Plaintiffs and Counterclaim Defendants Stephan Dean and Liza Dean move for leave to appeal in forma pauperis. (2d Mot., ECF No. 115.) This second motion differs materially from the first in that the motion is brought by both Deans and

1

presents a different statement of the issues to be prosecuted on appeal. (*See id.* at 3.)[1]

The Court treats the motion, as presented by Stephan Dean, as a motion for reconsideration of the Court's order denying his first motion. To that extent, the motion is denied for failure to present any cognizable basis upon which to reconsider the Court's prior certifications. C.D. Cal. R. 7-18. The new statement of issues consists of legal arguments that could have been presented in the original motion.

The motion is further denied as to both Deans on its merits. Federal Rule of Appellate Procedure 24(a)(1) provides that "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." The motion must be accompanied by an affidavit showing the party's inability to pay or to give security for fees and costs, claiming an entitlement to redress, and stating the issues that the party intends to present on appeal. Fed. R. App. P. 24(a)(1)(A)–(C). A court has no discretion to allow a litigant to appeal in forma pauperis if the litigant has not met the statutory criteria for such status. *See Stanley v. Swope*, 99 F.2d 308, 308–09 (9th Cir. 1938).

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal is taken in good faith if it seeks review of any issue that is non-frivolous. *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). An issue is frivolous if it has "no arguable basis in fact or law." *O'Laughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (internal quotation marks omitted).

Liberally construing the new statements of the issues to be prosecuted on appeal, the Court understands that the Deans seek to challenge the Court's order granting an anti-SLAPP motion, dismissing the Deans' Complaint, and directing the movants to file a motion for attorney's fees under California Code of Civil Procedure 425.16(c)(1). They find error in the Court's decision not to consider a declaration by Stephan Dean filed in opposition to the motion, as they submit is required by Code of Civil Procedure

---

[1] Pinpoint citations of this document refer to the page numbers in the CM/ECF header.

425.16(b)(2). (*See* 2d Mot. 3.)

As explained in the Court's order, however, the anti-SLAPP motion challenged only the legal sufficiency of the claim. (Order 2, ECF No. 31.) Although section 425.16(b)(2) "*requires* courts to consider evidence outside the pleadings, . . . that does not mean this procedural requirement applies in federal court." *Gunn v. Drage*, 65 F.4th 1109, 1118–19 (9th Cir. 2023). Indeed, "[w]here a defendant has brought a challenge to a complaint's legal sufficiency under Rule 12(b)(6), . . . a plaintiff's 'reliance on evidence outside of its complaint in defending against [an anti-SLAPP motion] [is] improper and inconsistent with the Federal Rules.'" *Id.* at 1120 (second alteration in original) (quoting *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1156 (9th Cir. 2021)). The Deans could not, and did not, convert the motion into one challenging the factual sufficiency of their claims merely by submitting a declaration extrinsic to their pleading. *See Maddow*, 8 F.4th at 1156 ("Herring . . . cannot convert Maddow's [anti-SLAPP] motion to strike into a motion for summary judgment. The defendant determines which motions she files, not the plaintiff." (citation omitted)). Thus, the Court could not review evidence extrinsic to the Complaint to resolve the motion unless it was incorporated by reference into the Complaint or subject to judicial notice. *See Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018); *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). The Deans present no cogent legal argument explaining why the Court could or should have rejected binding circuit precedent to consider Mr. Dean's declaration, or why the Court should have treated the motion as one challenging the factual sufficiency of their claims.

Because the Court has not found that "at least one issue or claim" the Deans for appeal is "non-frivolous," *Hooker*, 302 F.3d at 1092, the Court certifies that the proposed appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3). For similar reasons, the appeal also does not present a substantial question within the meaning of 28 U.S.C. § 753(f). Pursuant to Rule 24(a)(4), the Court directs the Clerk to immediately notify the Deans and the Ninth Circuit Court of Appeals of this Order. The Court advises

the Deans that they may seek leave to proceed in forma pauperis on appeal by filing such a motion in the Ninth Circuit Court of Appeals within 30 days of service of this Order. Fed. R. App. P. 24(a)(5). Any such motion "must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action." *Id.*

**IT IS SO ORDERED.**

Dated: June 29, 2023

                                                   MARK C. SCARSI
                                                   UNITED STATES DISTRICT JUDGE

cc: Ninth Circuit Court of Appeals