UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHAN DEAN and LIZA DEAN, Individually and DBA SUREFILE FILING SYSTEMS,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, and Does 1-50 Inclusive,<br><br>Defendants. | Case No. 2:25-cv-10142<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS KAISER FOUNDATION HEALTH PLAN, INC.'S AND KAISER FOUNDATION HOSPITALS' MOTION (1) TO DISMISS; (2) TO STRIKE UNDER CALIFORNIA CODE OF CIVIL PROC. § 425.16; AND (3) FOR ATTORNEY'S FEES** |

Defendants Kaiser Foundation Health Plan and Kaiser Foundation Hospitals ("Kaiser") moved: (1) to dismiss the complaint filed by plaintiffs Stephan Dean and Liza Dean, individually and doing business as SureFile Filing Systems ("Plaintiffs"); (2) to strike Plaintiffs' complaint under California's anti-SLAPP statute; and (3) for attorney's fees. After considering Kaiser's motion, all other papers filed herein, the records of the case, hearing on the motion, and good cause appearing, the Court hereby **GRANTS** Kaiser's motion in its entirety.

The facts of this case are well known to the parties and are discussed at length in several orders of this Court issued in a prior case between the parties, which can be found on the docket of Case No. 5:22-cv-278-MCS-KK of this Court.  *See also*

*Dean v. Kaiser Found. Health Plan, Inc.*, 562 F. Supp. 3d 928 (C.D. Cal. 2022) (order granting Kaiser's motions to dismiss and to strike); *Dean v. Kaiser Found. Health Plan, Inc.*, No. 5:22-cv-278-MCS-SHK, 2022 WL 1155113 (C.D. Cal. Apr. 19, 2022) (order granting Kaiser's motion for preliminary injunction); *Dean v. Kaiser Found. Health Plan, Inc.*, No. 5:22-cv-278-MCS-KK, 2022 WL 18938253, at *1 (C.D. Cal. Nov. 22, 2022) (order partially granting Kaiser's motion for summary judgment); *Dean v. Kaiser Found. Health Plan, Inc.*, No. 5:22-cv-278-MCS-KK, 2023 WL 3551811, at *1 (C.D. Cal. Mar. 14, 2023) (order granting Kaiser's ex parte application to compel discovery); *Dean v. Kaiser Found. Health Plan, Inc.*, No. 5:22-cv-278-MCS-KK, 2023 WL 8261408, at *1 (C.D. Cal. May 31, 2023) (order granting Kaiser's motion for summary judgment); *Dean v. Kaiser Found. Health Plan*, No. 5:22-cv-278-MCS-KK, 2023 WL 4829301 (C.D. Cal. June 29, 2023) (order denying Plaintiffs' motion for leave to appeal in forma pauperis). Thus, they are repeated here only as necessary.

Plaintiffs sued Kaiser because Kaiser successfully challenged Plaintiffs' use of its trademarks before the National Arbitration Forum ("NAF") under the Uniform Domain-Name Dispute-Resolution Policy ("UDRP") established by the Internet Corporation for Assigned Names and Numbers ("ICANN"). Kaiser requests judicial notice of the UDRP panel's decision and of documents from the prior case between the parties before this Court. The Court **GRANTS** Kaiser's request for judicial notice. The UDRP panel's decision is incorporated by reference into the complaint, and all of the exhibits to Kaiser's request for judicial notice "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201 (b)(1).

Turning to the merits of Kaiser's motion, the Court **GRANTS** Kaiser's motion to dismiss Plaintiffs' complaint. Plaintiffs assert two causes of action: (1) breach of contract; and (2) declaratory relief. Both causes of action rely on the incorrect and legally implausible theory that Plaintiffs gained the right to use

1  Kaiser's trademarks through the 2011 settlement agreement between the parties. As
2  the Court has already explained when Plaintiffs raised this same argument in the
3  prior lawsuit between the parties, this argument fails. *Dean*, 2022 WL 18938253, at
4  *4, *5. In addition to Plaintiffs' claims failing as a matter of law, Plaintiffs are also
5  barred under the claim and issue preclusion doctrines because these same claims and
6  issues were actually and necessarily litigated to final judgment in the 2021 litigation.
7  *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 855 (9th Cir. 2016) (setting forth
8  elements of claim preclusion); *Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885
9  (9th Cir. 2000) (setting forth elements of issue preclusion).

10        The Court also **GRANTS** Kaiser's motion to strike. California Code of Civil
11 Procedure section 425.16 permits a special motion to strike a strategic lawsuit
12 against public participation ("SLAPP"). Anti-SLAPP motions allow the Court to
13 dismiss at an early stage unmeritorious litigation that challenges various kinds of
14 protected speech. *Dean*, 562 F. Supp. 3d at 933. Courts engage in a two-pronged
15 analysis to determine whether the anti-SLAPP statute applies. First, "the court
16 decides whether the defendant has made a threshold showing that the challenged
17 cause of action is one arising from protected activity." *Equilon Enters. v. Cons.*
18 *Cause, Inc.*, 29 Cal. 4th 53, 67 (2002). Second, once prong one is satisfied, the
19 burden shifts to the plaintiff to make a "prima facie showing sufficient to sustain a
20 favorable judgment." *Urick v. Urick*, 15 Cal. App. 5th 1182, 1191 (2017). When,
21 as here, "an anti-SLAPP motion to strike challenges only the legal sufficiency of a
22 claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6)
23 standard and consider whether a claim is properly stated." *Planned Parenthood*
24 *Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018).

25        As to prong one, as the Court already explained when it granted Kaiser's
26 motion to strike in the prior lawsuit, the UDRP action is a protected activity under
27 the anti-SLAPP statute. *Dean*, 562 F. Supp. 3d at 934. As to prong two, as the
28 Court also already explained when it granted Kaiser's motion to strike in the prior

1 lawsuit, the theories Plaintiffs present for why they claim they gained the right to use Kaiser's trademarks through the 2011 settlement agreement all fail and, therefore, Plaintiffs' breach of contract and declaratory relief causes of action here do, too. *Id.* at 934–35. Thus, Plaintiffs cannot satisfy their burden at prong two to make a prima facie showing sufficient to sustain a favorable judgment. In addition, anti-SLAPP relief is also appropriate because Plaintiffs are barred under the issue preclusion doctrine from contesting that the UDRP action is subject to the anti-SLAPP statute or claiming that they can satisfy their burden at prong two of the anti-SLAPP analysis. These issues were conclusively decided in the prior lawsuit and are therefore binding here. *Id.*

The Court also **GRANTS** Kaiser's motion for attorney's fees under Cal. Civ. Proc. Code § 425.16(c)(1). Plaintiffs are ordered to pay Kaiser $_____ in attorney's fees that Kaiser expended in pursuing their motion to strike. Plaintiffs' payment shall be due to Kaiser within fifteen days after the date of this order. Stephan Dean, Liza Dean, and SureFile Filing Systems shall each be jointly and severally liable for the full amount of this payment.

**IT IS SO ORDERED**

DATED: _____    _____
HON.
U.S. DISTRICT COURT JUDGE